1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MICCAEL ALSHAIKH, BABETTE BERIONES

Plaintiffs,

vs.

CITY OF SAN DIEGO, et al.,

Defendants.

CASE NO. 10cv497  BEN (CAB)

**ORDER GRANTING MOTION TO DISMISS and REMANDING ACTION**

Defendant National Transportation Safety Board's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is before the Court.  For the reasons discussed below, the motion is granted and the action is remanded to the Superior Court of California, County of San Diego.

On March 9, 2010, this action was removed from state court on the basis of federal question jurisdiction (28 U.S.C. §1441) by the United States National Transportation Safety Board ("NTSB").  Now, NTSB moves to dismiss the action.  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  Applying that standard here, the Court finds that Plaintiffs' complaint fails to state a claim for relief against the NTSB.

## I. FEDERAL CLAIM

Plaintiffs, proceeding *pro se*, assert a claim of common law negligence against the NTSB. The claim arises out of injuries Plaintiff Alshaikh allegedly suffered at a trolley station in the City

of San Diego.  Such an action falls under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346, *et seq*.  The FTCA requires a plaintiff file an administrative claim with the agency before filing a suit in federal court.  It is a jurisdictional prerequisite.  *Warren v. United States Dep't of the Interior*, 724 F.2d 776, 777 (9th Cir. 1984).  While Plaintiffs have apparently filed an administrative claim with the State of California, they have not done so with respect to the NTSB.  Therefore, the claim against the NTSB must be dismissed.

## II.  STATE CLAIMS AND REMAND

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. §1367.  "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise.  A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866 (2009) (citations omitted).  Here, the claim against the NTSB is being dismissed.  No other federal claims or federal defendants remain.  Therefore, the Court declines to exercise supplemental jurisdiction over the remaining claims and defendants and the case is hereby remanded to the Superior Court of California, County of San Diego, for further proceedings.

## III.  CONCLUSION

Defendant NTSB's motion to dismiss is granted.  The Court declines to exercise supplemental jurisdiction over remaining state law claims or non-federal defendants.  The case is hereby remanded to the Superior Court of California, County of San Diego, for further proceedings.

**IT IS SO ORDERED**.

DATED:  July 27, 2010

_____
Hon. Roger T. Benitez
United States District Judge